UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND BONNER<br><br>Plaintiffs,<br>v.<br><br>UNTIED STATES DEPARTMENT OF DEFENSE,<br><br>Defendant. | Civil Action No. 21-cv-1955<br><br>**COMPLAINT** |

**INTRODUCTION**

Plaintiff Raymond Bonner, by his undersigned attorneys, alleges:

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for declaratory, injunctive, and other appropriate relief brought by Raymond Bonner, a prize-winning investigative journalist and author.

2.      Plaintiff submitted two FOIA requests (the "Requests") to defendant Department of Defense agency on January 26, 2021. These clearly defined requests are both narrow and specific. The first sought the audio recordings and any photographs or video recordings of Periodic Review Board ("PRB") hearings held on August 23, 2016 and February 4, 2020 to review the need for continued detention of Zayn al-Abidin Muhammad Husayn, more commonly known as Abu Zubaydah (the "PRB Request"). The second sought the audio recordings and any photographs or video recordings of Abu Zubaydah's March 27, 2007 Combatant Status Review Tribunal ("CSRT") hearing (the "CSRT Request"). A written transcript of portions of this hearing was previously made public and is available at: https://www.esd.whs.mil/Portals/54/Documents/FOID/Reading%20Room/Detainne_Related/15-L-1645_CSRT%20Transcript%20ISN%2010016_27-mar-07.pdf. Defendant has denied

expedited processing of the PRB Request and has failed to provide records in response to either Request.

3. Abu Zubaydah is the longest-held detainee at the U.S. military base at Guantanamo Bay, Cuba, and was one of the first victims of the U.S. Government's rendition and enhanced interrogation program after the 9/11 attacks. The limited and specific records sought by plaintiff concern the basis for Abu Zubaydah's continuing detention at Guantanamo. The records requested from Abu Zubaydah's two PRB hearings will shed light on the basis for the Government's determination that he continues to pose a significant threat to national security, and the records sought from his CSRT hearing will inform the procedures followed and grounds on which the Government initially determined that he was an enemy combatant.

4. There is a compelling need for the prompt release of this information. Plaintiff is producing a documentary film scheduled to be televised on the 20th anniversary of the 9/11 attacks this September. This anniversary will be a time when public attention and debate will uniquely focus on the issues raised by our nation's response to those attacks and the wisdom of continued operation of the Guantanamo detention facility. Renewed public debate on this issue has already been sparked by the Biden administration's recent announcement that it would study how best to close the detention facility at Guantanamo Bay.[1] The information sought through this FOIA action is needed to ensure that the documentary is able to provide the American public with a complete and accurate narrative of the basis for Abu Zubaydah's continued captivity, the value and consequences of the CIA's "enhanced interrogation" of him, and the Government's mechanisms for determining whether Abu Zubaydah's continued detention for nearly two decades is necessary and legal.

---

[1] *See, e.g.*, Carol Rosenberg, *Biden Plans to Close Guantanamo Prison, But Details Remain Hazy,* N.Y. TIMES, February 23, 2021, at A16.

## PARTIES

5.      Plaintiff Raymond Bonner is a prize-winning investigative journalist and author with over 35 years of professional experience. He has reported and written for major publications including *The New York Times*, *The New Yorker*, *The Atlantic*, and the *New York Review of Books*. He is currently a contributing writer for *ProPublica*, an independent, non-profit, online newsroom based in New York. Mr. Bonner has published numerous articles about the U.S. War on Terror, treatment of terrorist suspects in the aftermath of 9/11, and detention practices at Guantanamo Bay, Cuba. He has written extensively on Abu Zubaydah's capture, interrogation, and detention. *See, e.g.*, Raymond Bonner, *The Strange Case of the Forgotten Gitmo Detainee*, POLITICO (May 12, 2015), https://www.politico.com/magazine/story/2015/05/abu-zubaydah-tortured-waterboarded-cia-dc-circuit-court-guantanamo-117833/.

6.      Defendant Department of Defense ("DoD") is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1) that has possession and control of the records sought by plaintiff.

## JURISDICTION AND VENUE

7.      This Court has subject-matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

8.      Venue is proper under 5 U.S.C. § 552(a)(4)(B) because plaintiff resides in this district.

## FACTS

9.      Abu Zubaydah was captured in Pakistan in March 2002 and is currently being detained at the U.S. military base at Guantanamo Bay, Cuba.

10. According to the Senate Select Committee Intelligence Report on Torture, released in December 2014, Abu Zubaydah was one of the first post-9/11 terror suspects to be interviewed by the FBI and CIA and was subject to the CIA's "enhanced interrogation techniques" at a CIA run "black site." *See* S. REP. NO. 113-288 (2014).

11. On March 27, 2007, a Combatant Status Review Tribunal was held at Guantanamo Bay to determine whether Abu Zubaydah cold properly be classifies as an "enemy combatant."

12. Abu Zubaydah filed a habeas petition in 2008 challenging his detention, which remains pending today. *See Husayn v. Mattis*, No. 1:08-cv-1360 (D.D.C. Aug. 6, 2008).

13. The U.S. government has held Abu Zubaydah without charge for more than eighteen years, during which time his capture, treatment and continued confinement have been the subject of numerous investigations and reports, including by international tribunals, human rights groups, and the U.S. Senate. His name appears 1001 times in the publicly-released five-hundred-page summary of the Senate Intelligence Committee Report on Torture. *See* S. REP. NO. 113-288 (2014).

14. In March 2011, President Obama created the Guantanamo Periodic Review Board, an interagency organization created to review whether the detainees being held at Guantanamo without charge present continuing threats to national security.

15. The Periodic Review Board has held two hearings to consider the need for the continued confinement of Abu Zubaydah; one on August 23, 2016, and a second on February 4, 2020.

16. The facts and circumstances surrounding Abu Zubaydah's treatment remain matters of great public interest and concern. His capture and interrogation have been written about in several books by former CIA officials.[2]

### FOIA Request for Periodic Review Board Records

17. On January 26, 2021, Mr. Bonner submitted to Defendant DoD a FOIA request seeking copies of documents falling into four clearly-defined categories:

    a. The audio recording of the August 23, 2016 Periodic Review Board hearing concerning Abu Zubaydah (also known as Zayn Al Abidin Muhammad Husayn).

    b. Any video recording and any photographic images of the August 23, 2016 Periodic Review Board hearing concerning Abu Zubaydah (also known as Zayn Al Abidin Muhammad Husayn)

    c. The audio recording of the February 4, 2020 Periodic Review Board hearing concerning Abu Zubaydah (also known as Zayn Al Abidin Muhammad Husayn).

    d. Any video recording and any photographic images of the February 4, 2020 Periodic Review Board hearing concerning Abu Zubaydah (also known as Zayn Al Abidin Muhammad Husayn)

A true and correct copy of Mr. Bonner's PRB FOIA request is annexed hereto as Exhibit A.

18. Mr. Bonner requested a fee waiver under 5 U.S.C. § 552(a)(4)(A)(ii)(II) because he is "a representative of the news media" within the meaning of the statute.

---

[2] *See, e.g.*, James E. Mitchell, ENHANCED INTERROGATION: INSIDE THE MINDS AND MOTIVES OF THE ISLAMIST TERRORISTS TRYING TO DESTROY AMERICA (2016) (written by the architect of the CIA's enhanced interrogation program and the chief interrogator of Abu Zubaydah at the black site); John Rizzo, *The Birth of the Enhanced Interrogation Program* (2002), in COMPANY MAN: THIRTY YEARS OF CONTROVERSY AND CRISIS IN THE CIA 181-202 (2014); Jose A. Rodriguez, Jr., *Abu Zubaydah*, in HARD MEASURES: HOW AGGRESSIVE CIA ACTIONS AFTER 9/11 SAVE AMERICAN LIVES 41-72 (written by the former head of the CIA's Counterterrorism Center); Ali H. Soufan, *The First High-Value Detainee*, in THE BLACK BANNERS: THE INSIDE STORY OF 9/11 AND THE WAR AGAINST AL-QAEDA (2011) (written by the senior FBI agent who interrogated Abu Zubaydah at the black site).

19. Mr. Bonner requested expedited processing so that the information will be available in time to finalize the documentary to be released on the upcoming 20th anniversary of the 9/11 attacks.

20. By letter dated February 1, 2021, Stephanie L. Carr, Chief of the Freedom of Information Division of DoD, denied Mr. Bonner's request for expedited processing, asserting that he had failed to demonstrate "a particular value" of the requested information would be lost "if not disseminated quickly." A true and correct copy of the DoD response is annexed hereto as Exhibit B.

21. Mr. Bonner administratively appealed the denial of expedited processing for the PRB Request by letter dated February 3, 2021. A true and correct copy of his appeal is annexed hereto as Exhibit C.

22. By email dated February 22, 2021, DoD informed Mr. Bonner that the agency would be unable to complete appellate review of the denial of expedited processing for the PRB Request within the statutory time requirement "[d]ue to an extremely heavy FOIA workload."

23. More than twenty (20) business days have passed since Mr. Bonner submitted his request to DoD. None of the requested documents have been made available to Plaintiff, in full or in part.

24. Even assuming that "unusual circumstances" apply in this case, the FOIA allows extension of no more than ten (10) business days, per 5 U.S.C. § 552(a)(6)(B)(i). This time period has also expired.

25. DoD has "fail[ed] to comply with the applicable time limit provisions" of FOIA, and plaintiff has exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

**FOIA Request for Combatant Status Review Tribunal Records**

26.     On January 26, 2021, Mr. Bonner submitted to Defendant DoD Southern Command (SOUTHCOM) a FOIA request seeking copies of documents falling into two clearly-defined categories:

   a.   The audio recording of the March 27, 2007 Combatant Status Review Tribunal for Abu Zubaydah (also known as Zayn Al Abidin Muhammad Husayn) that includes, at a minimum, all sections of that proceeding made public in the written transcript available at: https://www.esd.whs.mil/Portals/54/Documents/FOID/Reading%20Room/Detainne_Related/15-L-1645_CSRT%20Transcript%20ISN%2010016_27-mar-07.pdf.

   b.   Any video recording and any photographic images of the March 27, 2007 Combatant Status Review Tribunal for Abu Zubaydah (also known as Zayn Al Abidin Muhammad Husayn)

A true and correct copy of Mr. Bonner's CSRT FOIA request is annexed hereto as Exhibit D.

27.     Mr. Bonner's request asked for a fee waiver under 5 U.S.C. § 552(a)(4)(A)(ii)(II) because Mr. Bonner is "a representative of the news media" within the meaning of the statute.

28.     Mr. Bonner's requested expedited processing so that the information is available in time to be included in the documentary to be released on the upcoming 20th anniversary of the 9/11 attacks, when public attention and debate will be uniquely focused on the continuing issues raised by our nation's response to them.

29.     More than twenty (20) business days have passed since Mr. Bonner submitted his request to DoD. None of the requested documents have been made available to plaintiff, in full or in part.

30.     Even assuming that "unusual circumstances" apply in this case, the FOIA allows extension of no more than ten (10) business days, per 5 U.S.C. § 552(a)(6)(B)(i). This time period has also expired.

31. DoD has "fail[ed] to comply with the applicable time limit provisions" of FOIA, and plaintiff has exhausted his administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## CLAIMS

### FIRST CLAIM FOR RELIEF
**(Violation of FOIA for failure to expedite plaintiff's requests)**

32. Plaintiff repeats, re-alleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

33. DoD's failure to expedite the processing of plaintiff's requests violates FOIA, 5 U.S.C. § 552(a)(6)(E), and DoD's regulations promogulated thereunder, 32 C.F.R. § 286.8(e).

### SECOND CLAIM FOR RELIEF
**(Violation of FOIA for failure to make records promptly available)**

34. Plaintiff repeats, re-alleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

35. DoD's failure to comply with the statutory time limit for rendering a determination on plaintiff's requests violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and DoD's regulations promogulated thereunder, 32 C.F.R. § 286.8(e).

36. DoD's failure to make promptly available records that are responsive to plaintiff's requests violates FOIA, 5 U.S.C. § 552(a)(3)(A).

## REQUESTED RELIEF

**WHEREFORE**, plaintiff respectfully requests this Court to:

    a)    Expedite consideration of this complaint pursuant to 28 U.S.C. § 1657;

b) Declare that the records sought are subject to FOIA and must be disclosed by defendant in the manner prescribed by FOIA;

c) Declare that plaintiff's FOIA requests are entitled to expedited processing by defendant;

d) Declare that plaintiff is entitled to fee waivers;

e) Order Defendant to immediately conduct a thorough search for the records requested by plaintiff;

f) Order defendant to immediately and expeditiously process the responsive records and produce them to plaintiff forthwith;

g) Enjoin defendant from charging plaintiff fees for processing his requests;

h) Award plaintiff the cost of this proceeding, including any reasonable attorneys' fees, as expressly permitted by FOIA; and

i) Grant such other and further relief as the Court deems just and proper.

March 5, 2020

Respectfully submitted

MEDIA FREEDOM AND INFORMATION ACCESS CLINIC

By: ____/s/____
David A. Schulz
Charles Crain (*pro hac vice* forthcoming)
Sam Aber, law student intern
Nicole Ng, law student intern
Braden Currey, law student intern
MEDIA FREEDOM & INFORMATION ACCESS CLINIC
ABRAMS INSTITUTE
YALE LAW SCHOOL
P.O. Box 208215
New Haven, CT 06520
Email: david.schulz@yale.edu
*Counsel for Plaintiff*