

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

May 6, 2021

<u>**BY ECF**</u>
The Honorable Denise Cote
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

> Re:    *Bonner v. Department of Defense*,
>         No. 21 Civ. 1955 (DLC)

Dear Judge Cote:

We write respectfully on behalf of all parties in the above-referenced action brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), pursuant to the Court's Notice of Initial Pretrial Conference dated March 10, 2021, and in advance of the initial pretrial conference scheduled for this afternoon. In accordance with the Court's individual rules, hard copies of the pleadings in this case are being provided to the Court separately.

**Background**

This is a FOIA action seeking audio and video records and photographs of proceedings held at the U.S. Naval Station Guantanamo Bay with respect to detainee Zayn al-Abidin Muhammad Husayn, more commonly known as Abu Zubaydah ("Zubaydah"). On January 26, 2021, plaintiff Raymond Bonner filed two FOIA requests with the Department of Defense ("DoD"): (1) a request seeking audio recordings and any video recordings or photographs of the Combatant Status Review Tribunal ("CSRT") hearing for Zubaydah held on March 27, 2007, and (2) a request seeking the same types of records for Zubaydah's Periodic Review Board ("PRB") hearings held on August 23, 2016, and February 4, 2020.

DoD is actively conducting searches in response to both FOIA requests. DoD has located a hard drive containing materials from Zubaydah's CSRT hearing that it believes will contain the requested audio files. DoD continues to search for the requested PRB audio files, which are likely to be located at the Guantanamo Bay Naval Station. DoD

has determined that there are no video recordings or photographs of the CSRT or PRB hearings.

**Proposed Schedule for Further Proceedings**

The parties respectfully submit that no discovery plan is necessary in this case, as FOIA cases are typically resolved on motions for summary judgment without the need for discovery. *See Carney v. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). The parties have met and conferred to discuss a schedule for further proceedings in this case

For the reasons explained below, DoD proposes to advise the Court and counsel by May 28 as to whether it will be possible to complete processing by the end of June as plaintiff has requested, and proposing a schedule for completion of processing. Plaintiff has acquiesced in this proposal with the understanding that he will object to any schedule proposed by the Department on May 28 that extends its time to provide both the CSRT and PRB files beyond June 30, 2021.

**DoD Statement**

Plaintiff requests expedition of his FOIA requests and production by the end of June because he seeks the to use the requested records for a documentary film scheduled to be televised on the anniversary of the September 11 attacks. DoD notes that Bonner has filed multiple FOIA requests relating to Zubaydah over the past five years, including one seeking CSRT records from DoD. *See Bonner v. DoD et al.*, No. 17 Civ. 9378 (VEC) (seeking records from DoD, FBI and CIA relating to Zubaydah or related topics, including an email used in Zubaydah's CSRT hearing); *Bonner v. CIA*, No. 18 Civ. 1315 (VEC) (seeking CIA records relating to Zubaydah); *Bonner v. CIA et al.*, No. 19 Civ. 9762 (JMF) (seeking CIA and FBI records relating to so-called "al Qaeda Manual" alleged to have been used by CIA to develop enhanced interrogation techniques for detainees); and *Bonner v. FBI*, No. 21 Civ. 2166 (PAE) (seeking FBI and CIA records relating to Zubaydah). It is unclear why he waited until the end of January 2021 to file the FOIA requests at issue in this case.

Plaintiff's request for expediting processing of the FOIA requests was denied because it does not satisfy the stringent criteria for expedited processing set forth in DoD's FOIA regulations. DoD has nevertheless effectively treated the requests as if expedited processing had been granted, taking the requests out of the normal FOIA queue and prioritizing them ahead of requests filed long before January 2021. However, at this time, DoD is not in a position to know whether it will be possible to complete processing by the end of June, for several reasons.

First, it is not yet clear how long it will take to locate the PRB audio files. As noted, those files likely are located at the Guantanamo Bay Naval Station, which has only limited staff available for this purpose.

Second, the records containing the audio files are currently marked (with regard to the CSRT hard drive) or are likely to be marked (with regard to the PRB audio files) at

a highly restricted classification and handling level given Zubaydah's status as a "high-value detainee" who was previously in CIA custody.  Before the records can be reviewed by DoD FOIA personnel, they will need to be transferred to CIA at their current classification and downgraded to the SECRET level by CIA personnel, then returned to DoD for review to determine what information is unclassified and can be publicly released.[1]  With regard to PRB audio files, this may require that the media be couriered to the mainland.  If so, the timing will depend on the availability of flights from the Naval Station.

Third, given Zubaydah's status as a high-value detainee, the records will need to be subjected to a classification review not only by DoD but also by other agencies or components.  While the CSRT audio files contain unclassified information (and the PRB files likely do as well), they may also include classified information that was omitted from the publicly available transcript of the CSRT hearing.

Fourth, any portions of the audio files that are in Arabic will require review by a cleared linguist.  Any Arabic portions will also need to be transcribed into English before a classification review can be performed.

Fifth, if the audio recordings are determined to contain classified information, it is unclear how long it will take to prepare versions that redact or remove the classified material.  This depends not only on the amount of classified information at issue, but also on the logistical process required to redact audio files, the availability of the necessary equipment and cleared staff, and any technical issues that may be encountered in accessing, copying or redacting the audio files.

Sixth, DoD has limited staff with the necessary security clearances available to perform the various tasks that need to be accomplished.  The staffing issues are particularly acute because the records are contained in classified record systems that cannot be accessed remotely, and DoD is still operating under in-person staffing restrictions due to the pandemic.

For all these reasons, the FOIA requests in this case raise unique issues, and responding to them is not a simple or routine matter.  It is not clear at this stage whether it will be possible to complete processing by the end of June.  That will depend on a number of factors that, as explained above, are not yet known.  However, DoD is proceeding with the steps necessary to process the CSRT audio, and is actively working

---

[1] Earlier this week, plaintiff provided DoD with a link to redacted audio from the CSRT proceeding that appears on the website of the Miami Herald, apparently placed there in 2008.  It is unclear whether this audio was previously processed and released under FOIA or in some other manner.  DoD is currently determining whether a version of the CSRT audio has previously been downgraded to the SECRET level in its entirety, to include all material currently redacted in the previously released trasncript.  If so, this step may not be necessary as to the CSRT audio.  At this time, however, the CSRT hard drive that DoD located contains classification markings that require downgrading before it can be accessed by DoD FOIA personnel.

to locate the PRB audio.  DoD anticipates that by May 28, it will be in a position to advise the Court and counsel of whether it will be possible to produce the CSRT audio by the end of June, and to propose a processing schedule for the PRB audio assuming it can be located.

In the event that DoD determines it is not possible to complete processing by June 30, DoD respectfully submits that motion practice would be necessary with regard to whether plaintiff's request properly qualifies for expedited processing, and if so, whether plaintiff's proposed schedule is "practicable" under 5 U.S.C. § 552(a)(6)(E)(iii).  *See, e.g.*, *Brennan Ctr. for Justice at NYU Sch. of Law v. U.S. Dep't of State*, 300 F. Supp. 3d 540, 548 (S.D.N.Y. 2018) (setting a processing schedule requires a determination of what is "practicable," including evidence from the agency about its general processing capabilities, other FOIA requests, and any national security concerns that limit processing speed); *Protect Democracy Project, Inc. v. DoD*, 263 F. Supp. 3d 293, 302 (D.D.C. 2017) (similar).

### Plaintiff's Statement

The FOIA request submitted by journalist Raymond Bonner on January 26, 2021 is narrow and precisely defined.  The audio records remaining at issue involve three proceedings, none of which is believed have been of any significant length and each of which had portions that were open to the press at the time they occurred.  Each concerned the propriety of the confinement without charge of Abu Zubaydah at the Guantanamo Bay detention center.

Although the Department of Defense has had the request for the recordings for nearly four months, it remains unable to propose a timeline for responding to the FOIA request and has plainly failed to satisfy FOIA's mandate that agencies make records "promptly available."  5 U.S.C. § 552(a)(3)(A) (2016).  The Department's extended delay is particularly problematic, since the recordings are needed for use a documentary on our Nation's response to the attacks of 9-11 that Mr. Bonner is currently completing with documentarian Alex Gibney, and that is scheduled for broadcast this Fall coinciding with the 20th anniversary of those attacks.  Mr. Bonner needs the audio files by the end of June for them to be useful in preparation of the documentary.  The Department has known of this time constraint faced by plaintiff since the FOIA request was submitted back in January.

The Department years ago made public a redacted transcript of the CSRT proceeding, and a redacted audio file of the CSRT proceeding is available online. Subsequently, the Department released a revised, less redacted version of the CSRT transcript, but it has not made public a less redacted audio file conforming to the public transcript.  In response to Mr. Bonner's FOIA request, the Department has located the CSRT audio file.

Plaintiff is willing to acquiesce in the Department's proposal to report to the Court by May 28, 2021 with a specific timeline for the production of both the CSRT and the PRB audio files, but does so with the express understanding that the Department is

proceeding apace with its review of the CSRT audio file and is not delaying that review until it locates the PRB files.  We will object to any schedule proposed by the Department on May 28 that extends its time to provide both the CSRT and PRB files beyond June 30, 2021.

We thank the Court for its consideration of this letter.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By:   /s/ *Sarah S. Normand*
SARAH S. NORMAND
CHRISTOPHER CONNOLLY
Assistant U.S. Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone:  (212) 637-2709/2761
Facsimile:  (212) 637-2730
Sarah.Normand@usdoj.gov
Christopher.Connolly@usdoj.gov


MEDIA FREEDOM &
INFORMATION ACCESS CLINIC

By:   /s/*David A. Schulz*
DAVID A. SCHULZ
MEDIA FREEDOM & INFORMATION
ACCESS CLINIC
ABRAMS INSTITUTE
YALE LAW SCHOOL
P.O. Box 208215
New Haven, CT 06520
Telephone: 917-733-9014
Email: schulzd@ballardspahr.com

*Counsel for Plaintiff*

5